IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL ACTION NO. 3:09-00110

CLARENCE ALLEN TORRES
    also known as "C"

**MEMORANDUM OPINION AND ORDER**

    Pending is the defendant's Motion to Suppress (Doc. 24). The Court held a hearing on February 16, 2010 to consider argument and evidence relevant to the motion. For the reasons explained below, the Court **DENIES** the motion. Evidence obtained from a November 16, 2008, search is not subject to suppression because that search was supported by probable cause. The government has agreed not to introduce evidence from a November 17, 2008. That portion of the defendant's motion is moot.

**Background**

    Patrolman John Casto of the Huntington Police Department stopped the defendant's vehicle on November 16, 2008, after observing the defendant driving 32 mph in a 25 mph zone. Casto stated at hearing that after initiating the stop, the defendant was visibly nervous (to the point his hands were shaking), that he was sweating profusely (despite the cold November temperature), that he was driving a rental vehicle, and that there were two air fresheners hanging from hooks in the rear of the vehicle. Casto further stated that he could smell burnt marijuana emanating from the vehicle. Casto requested assistance from Corporal Livingston, a drug dog handler from the Huntington Police Department. Within a few minutes Livington arrived and conducted a free air sniff with his dog,

Oden. After receiving a positive indication, Livingston advised officer Casto that Oden had alerted on the vehicle. At that time the defendant stated that there were two "cocktails" (marijuana cigarettes) in the car. Officers searched the vehicle and recovered a quantity of cocaine base. They arrested the defendant, who then gave a voluntary statement. The defendant does not challenge the voluntary nature of the statement assuming his arrest was lawful.

During the hearing, Corporal Livingston testified about Oden's training and reliability. The defendant's expert – Dr. Lawrence Meyers, from the College of Veterinary Medicine at Auburn University – gave his opinion about whether Oden was properly trained and certified. In his opinion proper certification required double blind testing – a type Oden was not subjected to.

Officer Casto also conducted a search of the defendant's vehicle on the following day, November 17, 2008. The United States has stated, however, that no evidence from this search will be introduced at the defendant's trial without prior approval from the Court.

**Analysis**

"Observing a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." *United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 1998) (citing *Illinois v. Caballes*, 543 U.S. 405, 407 (2005) ("*Caballes*"). A canine sniff does not itself constitute a search and is constitutionally permissible without independent justification if performed within "the time reasonably required" to issue a traffic citation. *Id* (citing *Caballes*, 543 U.S. at 407). If an officer wishes to detain a driver longer than the time required for a routine traffic stop, he must possess justification for doing so other than the violation that prompted the initial traffic stop. *Id.* (citing *Floyer v. Royer*, 460 U.S. 491 (1983)). This justification could be the driver's consent or

"reasonable suspicion" of illegal activity. *Id.* (citing *U.S. v. Foreman*, 369 F.3d 776, 781 (4th Cir. 2004).

There can be little doubt that the initial stop by officer Casto was permissible. He personally observed the defendant committing a traffic violation, which gave him the authority to temporarily detain the defendant and his vehicle. Officer Livingston arrived on scene with his dog Oden within minutes. The arrival of officer Livingtson and Oden was well-within the amount of time reasonably required for a traffic stop. Even if it was not, however, officer Casto had reasonable suspicion of criminal activity sufficient to extend the search. The defendant's extreme nervousness, as exemplified by his profuse sweating, shaking hands, and refusal to make eye contact, contributed to this suspicion. *See Branch*, 537 F.3d at 338 (citing *Illinois v. Wardlow*, 528 U.S. 119 (2000) for the proposition that "nervous, evasive behavior is a pertinent factor in determining reasonable suspicion.") The dual air fresheners hanging from the rear of the car were possible indications of criminal activity. *Id.* (noting that air fresheners are commonly used to mask the smell of narcotics). Even without these other factors, the smell of burnt marijuana itself would have justified a prolonged stop. *Chambers . Maroney*, 399 U.S. 42 (1970); *United States v. Muhammed*, 658 F.2d (4th Cir. 1981) (the smell of marijuana inside the vehicle is sufficient to support probable cause).

After hearing that Oden had given a positive alert on his vehicle, the defendant spontaneously stated that there were cocktails – or marijuana cigarettes – in the car. Together with the above cited factors, the defendant's admission of contraband in the vehicle was enough to justify a search. *U.S. v. Haley* 669 F.2d 201 (4th Cir. 1982). Even without reaching the question of the drug dog – Oden's – reliability, the Court **FINDS** that officer Casto had probable cause to justify

a search and, as a result, evidence obtained from the November 16, 2008 is not subject to suppression.

Although the Court does not need to address the issue of drug dog reliability, as the search was supported by independent probable cause, the Court is satisfied that Oden was properly trained and reliable. The Fourth Circuit Court of Appeals has stated that "a positive alert from a drug detection dog, in and of itself, provides probable cause to search a vehicle." *Branch*, 537 F.3d at 340 n. 2. Based on the testimony provided at hearing it is clear that Oden was well-trained, properly certified, and appropriately handled during the search. The defendant's only real objection to this reliability is that Oden has not been subject to double-blind testing – a common protocol in scientific research and Federal Drug Administration tests. The Fourth Circuit has made clear, however, that when used to provide probable cause for a search the positive alert by a drug dog does not need to satisfy the requirements for expert scientific testimony. *United States v. Allen*, 159 F.3d 832 (4th Cir. 1998). Of several reputable drug dog training programs cited during the hearing, only a scant few use double blind testing. While such added rigor is commendable, it is not a threshold requirement for reliability.

## Conclusion

For the reasons explained above, the Court **DENIES** the defendant's Motion to Suppress (Doc. 24). The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: March 19, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE