IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CLARENCE ALLEN TORRES,

        Movant,

                                                                CIVIL ACTION NO. 3:12-01167
v.                                                  CRIMINAL  ACTION  NO. 3:09-00110

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending is the motion by *pro se* petitioner Clarence Allen Torres to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, ECF No. 1, and Respondent's motion to dismiss, ECF No. 108.  This matter was referred to the United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate judge has issued proposed findings and recommendations, recommending that Petitioner's § 2255 motion be denied, and that Respondent's motion to dismiss be granted.  ECF No. 115.  Petitioner has filed objections, ECF No. 116, and the matter is now ripe for disposition by this Court.  For the reasons stated below, the Court: (1) **ADOPTS** the findings and **ACCEPTS** the magistrate judge's recommendations, ECF No. 115; (2) **GRANTS** Petitioner's motion to amend, ECF No. 112; (3) **DENIES** Petitioner's objections, ECF No. 116; (4) **DENIES** Petitioner's motion to vacate, set aside, or correct sentence, ECF No. 102; and (4) **GRANTS** Respondent's motion to dismiss, ECF No. 108.

## I. BACKGROUND

The facts of this case are thoroughly detailed in the magistrate judge's report and the Court finds it unnecessary to repeat them here. Instead, the Court incorporates the magistrate judge's statement of facts and will summarize here only those facts relevant to Petitioner's objection.

On March 30, 2010, Petitioner pleaded guilty pursuant to a plea agreement, to a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 5 grams or more of cocaine base, also known as "crack." The plea agreement included a stipulation of facts, in which Petitioner agreed that he was found to be in possession of 19.6 grams of crack cocaine at the time of his arrest, 5 grams or more of which he intended to distribute. CR-ECF No. 62 at 7.[1] In the plea agreement, Petitioner also acknowledged that the Court was not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts was not accepted by the Court, "the parties will not have the right to withdraw from the plea agreement." CR-ECF No. 62 ¶ 9. Petitioner also acknowledged that his final sentence was within the sole discretion of the Court. CR-ECF No. 62 ¶ 12. The Court conducted a thorough Rule 11 plea colloquy, after which the Court determined that Petitioner was competent and his plea was knowing and voluntary.

Petitioner was sentenced on July 12, 2010. Respondent argued that under the relevant conduct provisions of the United States Sentencing Guidelines, Petitioner should be held responsible for between 1.5 and 4.5 kilograms of crack in determining his base offense level. Sentencing Transcript, ECF No. 108-2, at 49. Petitioner argued that he should only be held responsible for 5 grams. ECF No. 108-2 at 52. The Court heard testimony from six witnesses, including two individuals Respondent asserted were involved in a drug-trafficking conspiracy

---

[1] The Court uses "CR-ECF" to refer to docket entries in Petitioner's underlying criminal case, *United States v. Torres*, No. 3:09-cr-00110 (S.D. W. Va. filed May 21, 2009).

with Petitioner.[2] After considering the evidence, the Court found that Petitioner was responsible for at least 1 kilogram of crack cocaine, which resulted in a base offense level of 34. ECF No. 108-2 at 54. Petitioner received reductions for acceptance of responsibility, which reduced his base offense level to 31. Given Petitioner's criminal history category II and a base offense level of 31, the Court calculated the recommended term of imprisonment under the guidelines to be 121 to 151 months. ECF No. 108-2 at 62. The Court sentenced Petitioner to 121 months' imprisonment.

Petitioner appealed his sentence to the United States Court of Appeals for the Fourth Circuit. Petitioner argued, *inter alia*, that he should be resentenced under the Fair Sentencing Act of 2010 ("FSA"), which was enacted approximately three weeks after his sentencing. The Fourth Circuit affirmed Petitioner's sentence, concluding that the FSA did not apply retroactively and that the Court's estimate of the attributable drug amount was supported by the evidence. *United States v. Torres*, 439 Fed. App'x 241 (4th Cir. 2011). Petitioner subsequently filed this collateral attack.

Petitioner asserted several grounds in support of his petition. He argued ineffective assistance of counsel because: (1) his counsel misrepresented that Respondent orally agreed not to use seized currency against him at sentencing; (2) his trial and appellate counsel should have objected when Respondent asked the Court to convert currency found on Torres into a drug equivalent; and (3) counsel should have requested a continuance of his sentencing until after enactment of the Fair Sentencing Act of 2010. Petitioner additionally argued that his conviction relied upon evidence obtained through an unconstitutional search and seizure and an unlawful arrest. As discussed below, however, only one argument remains.

---

[2] Respondent excused one of its witnesses because it believed him of being untruthful in his testimony. ECF No. 108-2 at 23.

## II.  ANALYSIS

This Court conducts a *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which Petitioner objects. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). To prevail on a collateral attack on a sentence pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate that the conviction or sentence was imposed in violation of the laws or Constitution of the United States or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. When a petitioner claims ineffective assistance of counsel, he must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). In order to satisfy the second prong of this test in a challenge to a guilty plea, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

In this case, Petitioner accepted the Proposed Findings and Recommendations with one exception: the findings regarding his argument about the Fair Sentencing Act. Pet'r's Objections, ECF No. 116, ¶ 1. The Court thus limits its review to one issue: whether Petitioner received ineffective assistance of counsel where counsel failed to request a continuance of

Petitioner's sentencing hearing in order for Petitioner to be sentenced pursuant to the Fair Sentencing Act of 2010.[3]

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, took effect on August 3, 2010, approximately three weeks after Petitioner was sentenced. Relevant to Petitioner's argument, the FSA amended the Controlled Substance Act by, *inter alia*, adjusting the amount of cocaine base, or crack, required for a mandatory minimum sentence to apply. Prior to enactment of the FSA, a distribution violation involving 5 grams or more of cocaine base triggered a mandatory minimum sentence of 5 years' imprisonment. The FSA amended that provision to impose the mandatory minimum sentence for violations involving 28 grams or more of cocaine base. Pub. L. No. 11-220 § 2(a)(2). Petitioner argues that had he been sentenced after enactment of the FSA, "his guideline range would have been 0-20 years and with no mandatory minimum," ECF No. 114 at 5, making it reasonably probable that he would have received a shorter term of imprisonment.

In addressing the first prong of *Strickland*, the Court must determine whether Petitioner's counsel's representation fell below an objective standard of reasonableness by failing to request a continuance of Petitioner's sentencing until after enactment of the FSA. As the magistrate judge correctly observed, it is well-settled that an attorney is not constitutionally deficient for failing to anticipate a change in the law. *United States v. McNamara*, 74 F.3d 514, 516-17 (4th Cir. 1996) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995)); *see also Ballard v. United States*, 400 F.3d 404, 408 (6th Cir. 2005). Although the bill was passed by the Senate on March 17, 2010, it was not approved by the House of Representatives until July 28, 2010—16

---

[3] Because the Fourth Circuit has already concluded that the FSA does not apply retroactively, *see United States v. Torres*, 439 Fed. App'x 241, 241 (4th Cir. 2011) (citing *United States v. Bullard*, 645 F.3d 237, 247-49 (4th Cir. 2011)), this Court must only determine whether counsel was ineffective before the FSA was enacted, in failing to ask for a sentencing delay to allow Petitioner to be sentenced pursuant to the Act.

days after Petitioner's sentencing. Petitioner nonetheless argues that his counsel should have been aware of the pending legislation because of alerts sent out by organizations such as Families Against Mandatory Minimums. ECF No. 114 at 4. As the cases cited above demonstrate, however, an attorney is not required to constantly monitor the activities of Congress for proposed or pending legislation that may bear on a client's case. Consequently, Petitioner cannot satisfy the first prong of the *Strickland* test.

Even if Petitioner could establish that his counsel's performance was deficient, he cannot satisfy the second prong—resulting prejudice. The Court determined Petitioner's sentence by calculating the appropriate range under the Sentencing Guidelines. The Court determined the amount of relevant conduct (drug amount) attributable to Petitioner and also determined Petitioner's criminal history category. Although mindful of the mandatory minimum sentence that applied to Petitioner's offense, the Court determined that the appropriate sentence was a term of imprisonment at the low end of the guidelines range, which exceeded the mandatory minimum.[4] Therefore, the mandatory minimum was not meaningfully implicated in Petitioner's case, because the applicable guidelines range exceeded the statutorily prescribed minimum. Petitioner's sentence was unaffected by the mandatory minimum and thus he has suffered no prejudice. Accordingly, the Court **ADOPTS** the magistrate judge's findings, **ACCEPTS** the recommendations, **DENIES** Petitioner's motion, and **GRANTS** Respondent's motion to dismiss.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a

---

[4] At sentencing, the Court acknowledged the disparity in the way powder cocaine and crack cocaine are treated for sentencing purposes. ECF No. 108-2 at 54. The Court noted that even if a more lenient ratio of 20:1 were applied to the amount of crack involved in this case, the same offense level would result under the guidelines.

showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the magistrate judge's findings and **ACCEPTS** the recommendations. Accordingly, the Court **GRANTS** Petitioner's motion to amend; **DENIES** Petitioner's objections; **DENIES** Petitioner's motion to vacate, set aside, or correct sentence; and **GRANTS** Respondent's motion to dismiss. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 1, 2013

ROBERT C. CHAMBERS, CHIEF JUDGE